UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>CHARLES EBERHART,<br>　　　　Defendant. | Case No. 13-cr-0313-PJH-1<br><br>**ORDER DENYING REQUEST FOR SENTENCING TRANSCRIPT** |

　　　　On September 18, 2013, defendant Charles Eberhart entered a plea of guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On December 16, 2013, the court sentenced defendant to 71 months imprisonment, three years' supervised release, and a $100 special assessment. The judgment was entered on December 18, 2013. Defendant did not file a notice of appeal.

　　　　On August 15, 2016, the court received a letter from defendant, dated August 8, 2016. Defendant, who is proceeding pro se, states that he wants to file a motion under 28 U.S.C. § 2255 to vacate or set aside the judgment, but that he requires a copy of the reporter's transcript of the sentencing in order to prepare the § 2255 motion. The court finds that the request must be DENIED.

　　　　A federal prisoner making a collateral attack on the validity of a conviction or sentence must do so through a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court where the sentence was imposed. U.S. v. Monreal, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the court may grant relief if it concludes that the petitioner was sentenced in violation of the Constitution or laws of the United States. Davis v. U.S., 417 U.S. 333, 344-45 (1974); U.S. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999). Relief is warranted only where a petitioner has shown "a

fundamental defect which inherently results in a complete miscarriage of justice." Davis, 417 U.S. at 346; see also U.S. v. Gianelli, 543 F.3d 1178, 1184 (9th Cir. 2008).

A one-year statute of limitations applies to § 2255 motions, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The limitation period does not begin to run until the "expiration of the time during which [the movant] could have sought review by direct appeal." U.S. v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). Defendant did not file a direct appeal in this case. Under Federal Rule of Appellate Procedure 4, his appeal period expired fourteen days after the date judgment was entered, see Fed. R. App. P. 4(b)(1)(A), or on January 2, 2014. Put another way, because defendant did not timely appeal his judgment of conviction, the judgment became final on January 2, 2014. See U.S. v. Colvin, 204 F.3d 1221, 1222 (9th Cir. 2000). The deadline under § 2255(f)(1) expired on January 2, 2015, and defendant has not asserted that a governmental impediment prevented him from bringing this motion, that he recently learned new facts that were previously unavailable, or that the law has changed, such that §§ 2255(f)(2)-(f)(4) would apply.

Nor has defendant established that equitable tolling should apply. "Equitable tolling is applicable only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time [and those] extraordinary circumstances [are] the

cause of [the] untimeliness." Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (citation and quotation omitted).  A litigant seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also U.S. v. Castro-Verdugo, 750 F.3d 1065, 1071 (9th Cir. 2014) ("[A]fter the one-year statute of limitations has passed, we may consider a § 2255 motion to vacate, set aside, or correct a sentence only if the petitioner establishes eligibility for equitable tolling by showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.")

Here, plaintiff has not shown that he has been pursuing his rights diligently, or that some extraordinary circumstances stood in his way.  He filed no notice of appeal, and the time to file a § 2255 motion expired on January 2, 2015.  Defendant took no action for more than a year and a half after that date.  He claims that he made an effort to obtain a copy of the transcript, and that he has been requesting the transcript from his attorney "for years."  He has attached a copy of an August 3, 2016 letter from his former court-appointed counsel, James Thomson, stating that the court reporter did not prepare a transcript of the sentencing hearing because defendant did not appeal the sentence.

There is no constitutional right to a free transcript in aid of a collateral attack on a judgment of conviction.  See U.S. v. MacCollum, 426 U.S. 317, 322-27 (1976).  Thus, neither the court nor the government is required to obtain a transcript of the sentencing hearing and furnish defendant with a copy in order to enable him to file a § 2255 motion.  Moreover, no transcript of any of the proceedings in this case has been filed with the court.  Under 28 U.S.C. § 753,

> Fees for transcripts furnished in proceedings brought under [28 U.S.C. § 2255] to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f).  However, a defendant is generally not entitled to copies of transcripts

or other court records at government expense until he actually brings a post-conviction motion.  See U.S. v. Garcia, 2010 WL 1027794 at *2 (E.D. Cal., Mar. 17, 2010); U.S. v. Soto-Valdez, 2009 WL 1311954 at *6 (D. Ariz. 2009); U.S. v. Lucatero, 2007 WL 1747077 at *1 (E.D. Cal., June 18, 2007); see also U.S. v. Connors, 904 F.2d 535, 536 (9th Cir.1990) (citation omitted) (indigent prisoner who had not filed a habeas petition, was not entitled to copies of his trial transcript at government expense under 28 U.S.C. 2250 until the filing of such a petition).

If defendant files a § 2255 motion, and if the court determines he has shown good cause for tolling the limitation period, and if the court finds that the motion arguably states a basis for vacating the judgment and that the transcript is needed to decide the issues raised, the court will order the government to respond, and at that point the government will order a transcript from the reporter.

**IT IS SO ORDERED.**

Dated:  October 24, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge