UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>CHARLES EBERHART,<br>　　　　Defendant. | Case No. CR 13-313 PJH<br><br>**ORDER DENYING MOTION FOR JUDICIAL RECOMMENDATION FOR HALFWAY HOUSE PLACEMENT**<br><br>Re: Docket No. 37 |

　　　　Defendant Charles Eberhart, appearing pro se, has filed a motion for a judicial recommendation to the Bureau of Prisons ("BOP") for halfway house placement. Doc. no. 37. The court DENIES the request for the following reasons.

　　　　On September 18, 2013, defendant entered a plea of guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On December 16, 2013, the court sentenced defendant to 71 months imprisonment, three years supervised release, and a $100 special assessment. He now asks the court to recommend to the BOP that he be placed at a halfway house or residential reentry center for the maximum term of 12 months pursuant to 18 U.S.C. § 3624(c).

　　　　The Ninth Circuit recognizes that "[t]he Bureau of Prisons has the statutory authority to choose the locations where prisoners serve their sentence." *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) (citing 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.")). The recommendations of the sentencing court to the BOP for where the sentence should be served are only given non-binding weight. *Id.* "'While a [district court] judge has wide

discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons.'" *Id.* (quoting *United States v. Dragna,* 746 F.2d 457, 458 (9th Cir. 1984) (per curiam)). The BOP is authorized to "designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable," including halfway houses, i.e., residential reentry centers. *See Rodriguez v. Smith*, 541 F.3d 1180, 1182 (9th Cir. 2008) ("Under 18 U.S.C. § 3621(b), the BOP has authority to designate the place of an inmate's imprisonment.").

The court commends defendant for making efforts at self-improvement and for participating in the programs available to him, including his GED. As a discretionary matter, the court declines to make a recommendation to the BOP concerning halfway house placement, nearly three years after sentencing defendant, considering that the BOP is in a better position than the court to consider defendant's request in light of defendant's circumstances and the availability and suitability of halfway house facilities. The request for a recommendation to the BOP for halfway house placement is therefore DENIED.

**IT IS SO ORDERED.**

Dated: December 27, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge